ROBERT LENOX *v.* THE TRUSTEES OF THE YORKVILLE BAPTIST CHURCH, and WILLIAM H. HANLON. ANTHONY H. PAYNE *v.* THE SAME.

The transcript and docket of the judgment of a justice's court, as well as the judgment itself, against an owner and contractor, under the mechanics' lien law of 1851, and the execution thereon, must be special, directing the sale of the owner's interest existing at the time the notice of lien was filed, as prescribed for the form of the judgment by the amendatory act of April 13, 1855.

Where such transcript, docket and execution were in the form employed in ordinary personal actions, they were vacated on motion to this court, without prejudice to the filing and issuing of a corrected transcript and execution.

SPECIAL TERM, OCTOBER, 1856.

Before INGRAHAM, FIRST J.

THESE actions were brought to foreclose liens effected, under the act of 1851, "for the better security of mechanics and others," for the value of labor and materials furnished by the respective plaintiffs, pursuant to the employment of the defendant, Hanlon, and in conformity with a contract between the latter and his co-defendants, the Trustees of the Yorkville Baptist Church.

In each of the cases, judgment was rendered, by the

Seventh District Court, in favor of the claimant, for $95 86, in default of the payment of which sum the right, title and interest which the defendants, the Yorkville Baptist Church, had in the premises mentioned in the complaint, on the seventh day of April, 1856, the time of filing the lien, were adjudged to be sold, and the proceeds appropriated to payment of the plaintiff's demand. A further judgment was rendered against the defendant, William H. Hanlon, for the same amount.

The judgments were entered in the court below July 28th, 1856. On the same day, the plaintiffs obtained from that court transcripts, in the following form: "1856, July 28th. "Judgment for the plaintiff for $95 86 damage, and $6 38 costs. "Judgment, $95 86; costs, $6 38; disbursements by plaintiffs, $2 72—$104 96. "John L. Ambler, Clerk."

These transcripts were filed with the county clerk, by whom the judgments were docketed, generally, in favor of the respective plaintiffs against the defendants, for the several sums of money mentioned in the transcripts.

Executions were thereupon issued, in the form employed where judgments are docketed upon ordinary money demands, the endorsement thereon directing the sheriff to "levy upon the property of the trustees of the Yorkville Baptist Church for $104 96, besides fees," &c.

A levy having been made upon property of the church, the trustees now moved, upon affidavits, "that the transcripts, dockets and executions, be set aside and canceled."

*Andrew C. Morris* and *Alexander Spaulding*, for the trustees.

*James B. Sheys*, for the claimants.

INGRAHAM, FIRST J.—The judgments in these cases did not authorize the form of transcript and execution which have been used by the plaintiffs.

In lien cases, the transcript should show the judgment to

be special; and the execution, where the owner is a defendant, must also be special, directing the sale of the interest of the owner at the time of filing the notice of lien, as prescribed for the form of the judgment by the act of April 13, 1855. (Session Laws, 760.)

The dockets of the judgment and executions, so far as relates to the defendants, the Yorkville Baptist Church, must be vacated and discharged, with $6 costs in each case, without prejudice to the plaintiff's filing a corrected transcript, and issuing a new execution.

Ordered accordingly.